UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KELVIN GARDEN,

    Plaintiffs,                                  CASE NO.

v.

ZAKHEIM & ASSOCIATES, P.A.,

    Defendant.
_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KELVIN GARDEN ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, ZAKHEIM & ASSOCIATES, P.A. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant is located in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person who resides in Grand Prairie, Dallas County, Texas.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL            1

according to Defendant, Plaintiffs allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Plaintiff is informed, believe, and thereon allege, that Defendant is a national company with a business office located in Plantation, Florida.

8. Plaintiff is informed, believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls to Plaintiffs seeking and demanding payment for an alleged debt owed to Capital One, calling Plaintiff on his cellular number 347-245-5995 on an almost daily basis from April through June, 2010.

12. Defendant called Plaintiff at inconvenient hours, calling as early 6 a.m. and after 9:00 p.m., local time for the Plaintiff.

13. Defendant contacted Yissel Reyes on more than one occasion, Plaintiff's fiancé, and revealed the alleged debt to her.

14. Defendant repeatedly contacted Plaintiff during business hours, which at the time, was 6:00 a.m. to 4:00 p.m.. Plaintiff advised Defendant each time that he could not speak during those hours as personal calls during business hours were prohibited by his employer.

Despite being advised by Plaintiff that he could not speak during business hours, Defendant contacted Plaintiff multiple times during the prohibited time period.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

15.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a)     Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's fiancé and stating that Plaintiff owes a debt;

b)     Defendant violated *§1692c(a)(1)* by contacting Plaintiff before 8:00 a.m. and after 9:00 p.m., local time for the Plaintiff.;

c)     Defendant violated §1692c(a)(3) by contacting Plaintiff at this place of employment though Defendant knew or had reason to know such calls were prohibited;

d)     Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's fiancé in connection with the collection of Plaintiff's debt;

e)     Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt; and

f)     Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiffs

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

20.     Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

21.     Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

22.     Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By:   _/s/ James Pacitti_____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone:  (323) 988-2400 x230
Fax:     (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiffs
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KELVIN GARDEN hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, KELVIN GARDEN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KELVIN GARDEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

01/05/2011
Date

_____
KELVIN GARDEN

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL                    5